COURT OF APPEALS OF VIRGINIA


Present:    Judges Clements, Felton and McClanahan
Argued at Alexandria, Virginia


MICHAEL RAY ASHLEY
                                                    MEMORANDUM OPINION* BY
v.         Record No. 2234-03-4            JUDGE ELIZABETH A. McCLANAHAN
                                                         AUGUST 31, 2004
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF FREDERICK COUNTY
                                  John R. Prosser, Judge

            Roger A. Inger (Roger A. Inger, P.C., on brief), for appellant.

            Michael T. Judge, Assistant Attorney General (Jerry W. Kilgore,
            Attorney General, on brief), for appellee.


        Having entered a conditional plea of guilty in the Circuit Court of Frederick County for

driving after having been declared an habitual offender in violation of Code § 46.2-357, Michael

Ray Ashley appeals the denial of a motion to suppress evidence.  Ashley contends the trial court

erred, as a matter of law, in ruling that his actions gave the police reasonable, articulable

suspicion that he was attempting to evade a roadblock.[1]  Reasonable suspicion justifies an

investigative stop, and supports the denial of a motion to suppress evidence obtained as a result

of the stop.  Logan v. Commonwealth, 19 Va. App. 437, 441-43, 452 S.E.2d 364, 367-68 (1994).

For the reasons that follow, we affirm the judgment of the trial court.


_____

            * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

            [1] Ashley also argues, in response to a directive from this Court, that his notice of appeal
in this case was timely filed.  We agree.

I. BACKGROUND

When addressing an allegation of error arising from a ruling on a motion to suppress, we review the evidence in the light most favorable to the party prevailing below, together with all reasonable inferences that may be drawn. See Smith v. Commonwealth, 41 Va. App. 704, 712, 589 S.E.2d 17, 21 (2003). On August 30, 2001, the Frederick County Sheriff's Office and the West Virginia State Police set up a traffic roadblock on Route 50 at the state line between Frederick County, Virginia and West Virginia. Five deputies and two to three Virginia State Troopers were present at the roadblock. The police officers present at the roadblock wore vests, the police cars were marked units with their lights on, and a three-foot sign on the side of the road announced the traffic roadblock. The roadblock was near the intersection of Route 50 and Twine Lane. Approximately two hundred and twenty-four feet from the intersection, a dirt driveway serving a private residence connects Route 50 and Twine Lane and bypasses the intersection.

Deputy Sardelis saw Ashley's car pull up to the end of the line of cars waiting to pass through the roadblock. The car stopped there for one to two seconds, and then abruptly turned into the dirt driveway. Ashley's car drove past the house served by the driveway, and continued until it emerged on Twine Lane, bypassing the roadblock. Deputy Sardelis stopped the car as it reached Twine Lane. After being stopped, Ashley told Deputy Sardelis that he did not know the residents of the house served by the driveway and that he was just going to a business, though he failed to specify exactly which business. As a result of the stop, Deputy Sardelis determined that Ashley did not have a driver's license and had been declared an habitual offender in Virginia.

Ashley testified at the suppression hearing that when he stopped in the line of traffic before the roadblock, he did not see the roadblock and thought that there might be an accident

causing the traffic backup. Ashley also testified that he was using the driveway to reach a car dealership that was across Twine Lane.

The trial court found that Deputy Sardelis had a reasonable suspicion that Ashley was attempting to evade a legal traffic roadblock in order to make the stop, and denied Ashley's motion to suppress. Ashley subsequently entered a conditional guilty plea, preserving his right to appeal the denial of his motion to suppress.

## II. ANALYSIS

Ashley argues that there was no reasonable, articulable suspicion that he was attempting unlawfully to evade a roadblock. He states that his turn onto the driveway was a lawful driving maneuver that, without more, could not provide the necessary level of suspicion to support a stop. See Bass v. Commonwealth, 259 Va. 470, 525 S.E.2d 921 (2000); Murphy v. Commonwealth, 9 Va. App. 139, 384 S.E.2d 125 (1989). We disagree.

In both Murphy and Bass, stops made by police officers who believed that the appellants in those cases had been trying to avoid traffic roadblocks were held improper. In Murphy, the driver made a turn onto a dead-end street three hundred and fifty feet from a traffic checkpoint, after which the driver was stopped by a police officer for attempting to evade a traffic checkpoint. The Court stated that making a legal turn before reaching a traffic checkpoint is not enough to provide the officer with reasonable suspicion unless it "is coupled with other articulable facts, such as erratic driving, a traffic violation, or some behavior which independently raises suspicion of criminal activity." Murphy, 9 Va. App. at 145, 384 S.E.2d at 128. Similarly, in Bass, the driver approached a traffic checkpoint and made a turn five hundred feet from the checkpoint into a gas station parking lot, which he passed through, and exited onto the roadway in the opposite direction from the traffic checkpoint. The Supreme Court held that the turn was a legal maneuver and provided the officer with only a "hunch," not articulable

reasonable suspicion, that the defendant chose to avoid the traffic checkpoint. Bass, 259 Va. at 477-78, 525 S.E.2d at 925.

Although Ashley argues that the actions taken by the drivers in Murphy and Bass were more suspicious than his maneuver, the trial court in the instant case noted that the facts in those cases did not involve a stop before the legal turn. The trial court considered this distinction critical.

Based on two prior cases of this Court bearing a striking resemblance to the instant case, we conclude that the trial court did not err in denying Ashley's motion to suppress. See Lovelace v. Commonwealth, 37 Va. App. 120, 554 S.E.2d 688 (2001); Bailey v. Commonwealth, 28 Va. App. 724, 508 S.E.2d 889 (1999). In Lovelace, the driver approached a traffic roadblock and as he neared it, slowed down and came to a complete stop. After a second or two, he then turned left onto a private driveway. The driveway was semi-circular, and the driver was driving around the contour of the driveway. He was beginning to exit the driveway and proceed in the opposite direction of the traffic roadblock when an officer stopped him. The Court held that the stop was proper. "Although Lovelace's turn into the driveway was intrinsically lawful, the circumstances surrounding that turn were suspicious. Lovelace approached the roadblock, stopped in the roadway for 'a second or two' and observed the checkpoint before turning into a private driveway." Lovelace, 37 Va. App. at 127, 554 S.E.2d at 691.

In Bailey, the driver was unable to see the traffic roadblock until he breached the top of a knoll near it. As he came to the top of the knoll, the driver stopped suddenly, and then made a right turn into a private driveway that was one hundred and fifty to two hundred and twenty-five feet from the roadblock. As the driver turned into the driveway, he looked at the police officers at the roadblock. Once in the driveway, the driver parked, stepped out of the vehicle, and

proceeded to knock on the front door of the residence served by the driveway. After knocking on the front door, the driver went back to his vehicle, where a police officer was waiting for him and asked for his driver's license. The Court held that the police officer had reasonable suspicion to stop and ask the driver for his license. As part of its reasoning for finding reasonable suspicion, this Court cited that "appellant's vehicle reached the top of the knoll, 'stop[ped] suddenly,' and turn[ed] right into the driveway of a private residence." Bailey, 28 Va. App. at 728, 508 S.E.2d at 891.

The decision in this case is necessarily controlled by Lovelace and Bailey. Like the drivers in Lovelace and Bailey, Ashley stopped in the road before a traffic roadblock, turned into a private driveway that served a residence that did not belong to him or anyone he knew, and exited on the other side of the roadblock. Ashley's stopping in the road for one to two seconds before turning into the private driveway, while not stopping at the residence that was served by that driveway, was the "behavior which independently raises suspicion of criminal activity." Murphy, 9 Va. App. at 145, 384 S.E.2d at 128. Although Ashley testified that he was trying to reach a business across the street from the other end of the driveway, the trial court was entitled to consider that testimony irrelevant to determining the reasonableness of the police officer's suspicions, especially in light of the testimony and diagrams entered into the record that indicate that the driveway served a private residence, is not connected to the business Ashley described, and ends across the street from the business.

### III. CONCLUSION

We hold that the police officer properly stopped Ashley and had reasonable suspicion that Ashley was evading the traffic roadblock. Accordingly, we affirm the trial court's denial of Ashley's motion to suppress.

Affirmed.